IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LINDA FLOWERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-827-GPM |
| | ) |
| **CARBONDALE ELEMENTARY SCHOOL** | ) |
| **DISTRICT NO. 95,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant Carbondale Elementary School District No. 95's (the District) Motion for Summary Judgment (Doc. 21). On October 6, 2009, Plaintiff Linda Flowers (Flowers) filed a Complaint against the District alleging race discrimination in her terms of employment in violation of Title VII of the Civil Rights Act of 1964 (Doc. 2). After the District raised the statute of limitation in a Motion to Dismiss, Flowers filed an Amended Complaint alleging discrimination "in terms of making and enforcement of employment contracts on the basis of race" pursuant to 42 U.S.C. §§ 1983 and 1981; along with two additional state law claims for defamation *per se* and intentional infliction of emotional distress brought pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367 (Doc. 13).[1] Flowers responded to the District's Motion for Summary Judgment on June 20, 2010. The matter therefore has been fully briefed, and upon a complete review of all the papers submitted, the Court now rules as follows.

---

[1] Which Plaintiff incorrectly cites twice as 28 USC § 1376.

## BACKGROUND

On summary judgment, the Court considers the facts in a light most favorable to the non-moving party and adopts reasonable inferences and resolves doubts in favor of that party. *Nat'l Athletic Sportswear, Inc., v. Westfield Ins. Co.,* 528 F.3d 508, 512 (7th Cir. 2008). With that said, Flowers' Amended Complaint, along with her other papers, are so sparse and lacking in factual detail that there is not much information from which inferences may be drawn. For example, nowhere in her papers does Flowers plead her specific job position. As it turns out, Flowers was employed as an elementary school Principal within the District. In her Amended Complaint, Flowers alleges that the District discriminated against her on the basis of her race, African-American, "by subjecting [her] to different terms and conditions not imposed on similarly situated white employees; and … by selecting a non-qualified white employee to fill a position that [she] had applied for and was well qualified for." (Doc. 13, ¶¶ 3, 3(a), (b)). At issue is a curriculum coordinator position for which Flowers was not hired in the spring or summer of 2007.

In its Motion for Summary Judgment, the District argues that it is entitled to judgment as a matter of law because Flowers' discrimination claim—based upon her failure to be hired for the curriculum coordinator position—is barred by the applicable two-year state statute of limitation (statute). In response, Flowers argues that the District waived its statute of limitations defense by "neglecting to raise this issue in [its] Answer to [the] Amended Complaint." (Doc. 23, p. 2). Oddly, the District raised the statute as an affirmative defense both to the claims in the original Complaint, and to Counts Two and Three of the Amended Complaint, but not as to Count One (*see* Doc. 15, p. 2). However, this Court granted the District's Motion for Leave to File an Amended Answer (Doc. 24) because "Courts are to use their discretion under Rule 15(a) to liberally grant permission to

amend pleadings[.]" *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007).[2] (Doc. 27). As a result, the District rightfully asserted the statute of limitations as an affirmative defense to Count One and the defense was not waived.

In her response to the District's motion, for the first time, Flowers argues that her "Amended Complaint includes claims of disparate treatment during [her] employment with defendant," and that the "cumulative effect of the [District's] discriminatory acts created a hostile work environment" (Doc. 23, pp. 2 and 7). According to Flowers, these two claims are not barred by the two-year statute of limitations.

## **ANALYSIS**

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

---

[2] Indeed, "[f]ailure to comply precisely with Rule 8(c) is not fatal to a defense if the defense is raised in the trial court in a manner that does not result in unfair surprise." *Fort Howard Paper Co.v. Standard Havens, Inc.*, 119 F.R.D. 397, 405 (E.D. Wis. 1988), affirmed, 901 F.2d 1373 (7th Cir. 1990) *citing Allied Chemical Corp. V. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983). Here, because the statute was raised in the Answer to the original Complaint, and as to Counts Two and Three of the Amended Complaint, there was no undue surprise to Flowers' when the District was allowed to amend its Answer and assert the statute of limitations as to Count One.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). As will be discussed in greater detail below, here, Flowers has not met her burden of presenting any "definite, competent evidence to rebut the [District's] motion." *Id*.

If, as the District argues, Flowers' discrimination claim in Count One is limited to the District's failure to hire her for the curriculum coordinator position, then the two-year state statute of limitations applies and effectively bars her claim. Under the Supreme Court's holding in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), claims premised on conduct which took place *after* the formation of an employment contract are governed by Congress's four–year catch–all statue of limitations, codified in 28 U.S.C. § 1658. *Dandy v. UPS, Inc.*, 388 F.3d 263, 269 (7th Cir. 2004). By contrast, claims involving the making or enforcement of contracts are subject to the "analogous state personal rights statute of limitations." *See Id.* at n. 4. As such, Flowers' claim in Count One—which explicitly involves the "making and enforcement of employment contracts"—is governed by the Illinois two-year statute of limitations period for personal injury claims. *Fit v. Northern Trust, Corp.*, 2007 WL 4373971 at *1 (N.D. Ill. 2007).

The Court agrees with the District that Flowers' sparse Amended Complaint only states a "failure to hire" discrimination claim. Flowers, of course, argues otherwise. Specifically, Flowers argues that she has adequately pled disparate treatment, and, for the first time, that the cumulative effect of the District's alleged discriminatory acts resulted in a hostile work environment. Unfortunately, for Flowers, her post-hoc attempts to amend her pleadings in response to the District's Summary Judgment Motion are not only unavailing, they are unacceptable. *See e.g.*, *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend [her] complaint through arguments in [her] brief in opposition to a motion for summary judgment."); *see*

*also Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004) (same).  Similarly, a plaintiff may not attempt to raise a hostile work environment argument in order to evade dismissal based on the statute of limitations. *Shanahan*, 356 F.3d at 829.  At bottom, nowhere in her Amended Complaint does Flowers' even mention a hostile work environment, and she cannot attempt to change this via new arguments, raised for the first time, in response to the District's motion.

Regarding her alleged disparate treatment claim, Flowers directs the Court to paragraph 3a of her Amended Complaint which states "Defendant interfered with Plaintiff's *right to contract* by subjecting Plaintiff to different terms and conditions not imposed on similarly situated white employees." (Doc. 13) (emphasis added).  This sparsely pleaded allegation does not plead even one specific fact in support of its bald conclusion.  Yet, incredibly, Flowers argues that somehow this paragraph asserts a properly pleaded claim of disparate treatment.  When placed in the context of Count One, this is simply another allegation in support of Flowers' claim that she was discriminated against "in terms of making and enforcement of employment contracts"; namely, failing to be hired for the curriculum coordinator position.

This alleged discriminatory action took place in either May or June of 2007.  And Flowers, by her own admission, was aware that she had not been hired for the position by August of 2007, at the latest.  Flowers' however did not file her original Complaint until October 6, 2009.  Therefore, Flowers' discrimination claim in Count One—based on the District's failure to hire her for the curriculum coordinator position—is barred by Illinois' two-year personal injury statute of limitations.

In the alternative, assuming, *arguendo*, that Flowers' properly pleaded claims for disparate treatment and a hostile work environment, they still would fail to survive summary judgment based

on the extremely sparse evidence Flowers submitted in support of these claims. Tellingly, Flowers' did not even bother citing the applicable legal standard necessary to support a valid discrimination claim under § 1981 based on disparate treatment. "To prevail on [her] race discrimination claim under … § 1981, [Flowers] must either show direct evidence of discriminatory motive or intent or rely on the indirect burden–shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Bio v. Federal Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005).

Here, Flowers, by her own admission, lacks any direct evidence of discrimination and as such, she refers to her claim as being based on "disparate treatment." Therefore, Flowers must proceed under the indirect method. Once again, Flowers makes no attempt—neither in her Amended Complaint nor in her response to the District's Motion—to fit her paltry evidence into the rubric of a prima facie case under *McDonnell Douglas*. Instead, she puts forth the bald conclusion that she was "subjected to different terms and conditions not imposed on similarly situated white employees" (Doc. 23, p. 3).

"A similarly situated employee is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Bio*, 424 F.3d at 597, *quoting Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). A court evaluates whether two employees are directly comparable by looking at all relevant factors, including (but not limited to): their job descriptions, job standards, who they reported to, and background qualifications, such as work experience and education. *See Id.* Other than race, Flowers' utterly fails to identify any relevant characteristics of any of the "similarly situated" employees that she claims received more favorable treatment. Once again, the lack of competent evidence prohibits the Court from drawing any reasonable inferences in her favor. More pertinently, by any stretch of the imagination, Flowers' comes nowhere close to making out a prima facie case of discrimination based on disparate treatment.

Likewise, assuming, once again, for the sake of argument, that Flowers' properly had pleaded a hostile work environment claim it would fail based on the dearth of competent evidence in support of this allegation. "To be actionable under § 1981, harassment must be: (1) based on race; (2) subjectively and objectively hostile; and (3) sufficiently severe or pervasive to interfere with an employee's ability to perform [her] assigned duties." *Dandy v. UPS, Inc.*, 388 F.3d 263, 271 (7th Cir. 2004); *citing Hrobowski v. Worthington Steel Co. & Worthington Indus., Inc.*, 358 F.3d 473, 476 (7th Cir. 2004). Flowers, in her deposition testimony, cites a total of four allegedly discriminatory actions by her employer: (1) not being hired for the curriculum coordinator position; (2) being audited for an alleged discrepancy in the amount of money she collected for school lunches; (3) "initially" being told that she could not use the middle school common area for a district-wide spelling bee; and (4) being overruled "in her autonomy to make room assignments" when she wanted to use a classroom as a temporary office while hers was being renovated (*see* Doc. 23).

No reasonable juror could possibly find that these four actions, in aggregate, somehow equate to a hostile work environment. First, Flowers' has put forth no evidence that any of the above decision were motivated by race. Furthermore, these actions were not frequent, severe, or pervasive; nor do they amount to an unreasonable interference with Flowers duties as a school principal. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). At best, Flowers' bare-boned assertions suggest a conflict in management styles. As such, even when casting Flowers' evidence in a light most favorable to her, the Court cannot discern even the slightest hint of a hostile work environment.

At bottom, Flowers' has not put forth any definite or competent evidence— not even a "mere scintilla" of any credible evidence—to support any of her claims of discrimination; much less her

newly argued claims of disparate treatment and a hostile work environment. Thus, even if Flowers' had properly pleaded these claims (which she did not) they would be dismissed on summary judgment.

Finally, under 28 U.S.C. § 1367(c)(3), the Court has discretion to retain or relinquish Flowers' supplemental state law claims. In Counts Two and Three of Flowers' Amended Complaint, she alleges supplemental claims of defamation per se and intentional infliction of emotional distress under Illinois law. These state law claims are just as sparsely pled as her discrimination claim in Count One. Nevertheless, neither party took the time, or made any effort, to brief these claims. As such, they are not directly implicated by the District's Motion for Summary Judgment.

With that said, "[n]ormally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (quotation omitted). Indeed, some courts have referred to this principle as a presumption that is rebuttable, but only upon "considered determination." *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010). *See e.g. Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008); *see also Nightingale Home Healthcare, Inc. V. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009) ("It is an abuse of discretion not to exercise discretion."). This principle, however, is subject to at least three recognized exceptions: "when the refilling [sic] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994). If one of these exceptions applies, a federal court may dispose of the action accordingly. Finally,

"district courts [should] deal with cases involving pendant claims in the manner that best serves the principles of economy, convenience, fairness and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997), *quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

With summary judgment being granted on Flowers' one and only federal claim, "the sole basis for invoking federal jurisdiction is nonexistent." *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003). As such, unless one of the above exceptions applies, there is no reason for this Court to retain jurisdiction over Flowers' supplemental state law claims, and "[intrude] into areas of purely state law." *See Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996), vacated on other grounds, 522 U.S. 3 (1997). Here, the Court finds that one or more of the above exceptions applies. First, it is apparent to this Court that Flowers' sparsely pleaded state claims are also substantially lacking in merit. However, even without considering the merits, it is very likely that each of these claims is barred by the applicable statute of limitations.

Regarding Flowers' defamation claim: "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201. Generally, a cause of action accrues, and thus the limitation period begins running, when the action may first be instituted. *See* e.g., *Pfeifer v. Bell & Howell Co.*, 368 N.E. 2d 520 (Ill. App. Ct. 1977). All of the events at issue in this action apparently occurred on or before August 2007. As such, any defamation-based claims needed to be raised before August of 2008, and Flowers' original Complaint was not filed until October 2009. Her defamation claim therefore is clearly barred by the statute and it should be dismissed**.**

A two year limitation applies to Flowers' Intentional Infliction of Emotional Distress (IIED) claim in Count Three. *See Pavlik v. Kornhaber*, 761 N.E.2d 175, 186 (Ill. App. Ct. 2001)

("Emotional distress is a species of personal injury and is thus governed by the two-year prescriptive period set out in 735 ILCS 5/13-202."). Again, Flowers' pleadings are extremely sparse and lacking in detail; and her deposition testimony is almost entirely void of specific dates. Nevertheless, Flowers' admitted that the cause of her current depression relates back to actions taken in 2007 (Doc. 23, Ex. 25). As such, the statute of limitations would have started running sometime before August 2007. Assuming that Flowers' claim of IIED—first alleged in her Amended Complaint in December 2009—relates back to her original Complaint filed in October 2009, the statute still remains a bar. Therefore, this claim also should be dismissed.

In sum, based on Flowers' extremely sparse allegations and her overall dearth of competent evidence—and in the interest of "economy, convenience, fairness and comity," *Int'l College of Surgeons*, 522 U.S. at 172-73 (quotation omitted)—the Court will exercise its discretion and **DISMISS with prejudice** both of Flowers' pendant state law claims.

## CONCLUSION

In light of the foregoing, the Defendant Carbondale School District No. 95's Motion for Summary Judgment on Count One (Doc. 21) is **GRANTED**. All of Plaintiff Linda Flowers' claims in Count One, therefore, are **DISMISSED with prejudice**. Further, Flowers' supplemental state law claims are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: 10/06/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge